FILED
Clerk
District Court

APR 27 2015

for the Northern Mariana Islands
By_____
(Deputy Clerk)

Zaji O. Zajradhara
P.O. Box 506141
Saipan, MP 96950
Telephone No. (670) ~~236-3121~~ 233-0101
Email: zajiversal@yahoo.com

*Pro Se*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ZAJI O. ZAJRADHARA, ) | CIVIL CASE NO: 15-00007 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | COMPLAINT AND REQUEST |
| ) | FOR JURY TRIAL |
| COMMONWEALTH UTILITIES ) | |
| CORPORATION, ALLAN FLETCHER, ) | |
| and DOES 1 – 10, ) | |
| ) | |
| Defendants. ) | |

I.
Introduction

This Complaint asserts claims of violation of civil rights, Title VII, and the Americans with Disabilities Act against the Commonwealth Utilities Corporation ("CUC") and Allan Fletcher, arising out of Plaintiff's employment with CUC.

II.
Jurisdiction and Venue

1.      This action arises under the Constitution of the United States, particularly the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, 42 U.S.C.A. §§ 1983 and 1988, Title VII of the Civil Rights Act of 1964, 42 USC §2000e, et.seq., and Title 1 of the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq.

2. The jurisdiction of this court is invoked under the provisions of 28 U.S.C.A. §§ 1331, 1343 and 1367.

3. Venue is placed in this District as it is where all the parties reside and where the events complained of occurred.

### III.
### Parties

4. Plaintiff, Zaji O. Zajradhara, is now, and at all times mentioned was, a citizen of the United States of America, and a resident of Saipan, Commonwealth of the Northern Mariana Islands ("CNMI").

5. Defendant CUC is an agency, instrumentality, public corporation, or other extension of the CNMI Government, and was, at all times relevant, Plaintiff's employer.

6. Defendant Allan Fletcher is a United States citizen residing in Saipan, CNMI, and at all times relevant was the Executive Director, and was responsible for the operation of CUC. Fletcher is sued in his personal capacity.

7. Does 1-10 are individuals whose identities are presently unknown to Plaintiff and who participated in the events described herein and who also caused Plaintiff damages and when their identities become know to Plaintiff, Plaintiff will seek to amend to name them as parties.

### IV.
### Factual Allegations

8. On or about September or October, 2012, Plaintiff began employment with CUC.

9. Plaintiff was initially hired as a Trades Technician/Operator.

10. Plaintiff was moved into various positions including warehouse man, fuel handler, and trouble shooter for the water division.

11. On October 24, 2014, CUC terminated Plaintiff's employment on the pretextual ground that of possession and conveyance of illegal drug, violation of CUC Drug and Alcohol Policy.

## V.
## Causes of Action

**A. First Cause of Action – Whistle Blower/Wrongful Termination**

12. Plaintiff realleges and incorporates paragraphs 1 through 11 of this Complaint as if set forth in full here.

13. This First Cause of Action is pled against all Defendants.

14. Plaintiff while employed at CUC became aware of various violation of public policies, public laws, regulations, and CUC policies by Defendants. These violations included:
    a. Not requiring English to be spoken in the work-place;
    b. Not hiring qualified United States citizens for position at CUC;
    c. Not hiring United States citizens who went through the apprenticeship program;
    d. Transferring non-United States citizens to jobs reserved for United States citizens; and
    e. Misuse of Federal Funds by diverting Federal Money out of programs it had been granted for to cover other CUC expenses.

15. Plaintiff complained to Fletcher and others at CUC regarding the above violations.

16. In response to Plaintiff's complaints, Fletcher allowed a hostile work place to develop at CUC to try to force Plaintiff to quit.

17. The hostile work place included a racially offensive poster place in the work place, a fake cockroach placed on Plaintiff's desk, and allowing employees to call Plaintiff "gay" and other slurs.

18. Some of Plaintiff's complaints as described in paragraph 14 above threatened the continued employment of foreign citizens working at CUC and these employees organized against Plaintiff. They embarked on a campaign to harass and annoy Plaintiff and were allowed to do so by Fletcher and Doe Defendants.

19. Plaintiff complained of his mistreatment in the work place to Fletcher and to others in management at CUC. All Plaintiff's complaints were ignored.

20. When Plaintiff would not quit, Defendants attempted to terminate Plaintiff on the pre-textual reason that he had struck another employee. When it was established that Plaintiff could not have struck the employee as was claimed, Defendants' termination efforts failed.

21. Defendants later tried again to terminate Plaintiff for a pre-textual reason and this time succeeded. On about October 24, 2014, on the pretext that he had tried to sell marijuana to an off-duty police officer, Plaintiff was terminated. Defendants knew the allegation lacked merit but seized upon it to justify Plaintiff's termination.

22. Plaintiff's termination was wrongful and in violation of public policy.

23. Wherefore, Plaintiff has suffered general and consequential damages in an amount subject to proof at trial.

**B.     Second Cause of Action - Intentional Infliction of Emotional Distress**

24. Plaintiff realleges and incorporates paragraphs 1 through 23 of this Complaint as if set forth in full here.

25. This Second Cause of Action is pled against Fletcher only.

26. At all relevant times Defendant Fletcher was acting under color of CNMI law.

27. Fletcher intended to cause Plaintiff emotional distress so that Plaintiff could quit, and he used his position as Executive Director of CUC to facilitate causing Plaintiff emotional distress to force Plaintiff to quit.

28. Fletcher intended to force Plaintiff to quit because of Plaintiff's complaints as described above.

29. Defendant Fletcher's acts, under color of CNMI law, caused severe and extreme emotional distress to Plaintiff, violating Plaintiff's civil rights.

30. As a result of Fletcher's intentional inflictions of emotional distress, Plaintiff sustained damages in an amount to be proven at trial.

31. Because of the outrageous and unconscionable conduct of Defendant Fletcher, Plaintiff is entitled to punitive damages from Defendant Fletcher.

**C.     Third Cause of Action - Violation of Title VII**

32. Plaintiff incorporates paragraphs 1 through 31 of this Complaint as if set forth in full here.

33. This Third Cause of Action is pled against Defendant CUC.

34. The racial slurs as described above that CUC allowed in an effort to force Plaintiff to quit violated Title VII of the Civil Rights Act.

35. Plaintiff filed a charge allegeing racial discrimination with the Equal Employment Opportunity Commission ("EEOC"). On January 29, 2015, the EEOC issued Plaintiff a Right to Sue letter. Plaintiff has timely filed this Complaint so that this Court has jurisdiction over this Cause of Action.

36. Plaintiff has suffered damages in an amount to be proven at trial as a consequence of the violations of Title VII by CUC, including emotional distress damages.

**D.    Fourth Cause of Action – Violations of the Americans with Disability Act**

37. Plaintiff incorporates paragraphs 1 through 36 of this Complaint as if set forth in full here.

38. This Cause of Action is pled against CUC only.

39. Plaintiff suffers from a disability. He has Post Traumatic Stress Disorder ("PTSD"), Bi-Polar Disorder, and an injury to his right upper shoulder, rotary cuff, and upper back.

40. Plaintiff advised CUC of his disabilities.

41. Plaintiff repeatedly requested reasonable accommodations of his disabilities by CUC.

42. Defendant purposefully ignored Plaintiff's requests to an accommodation as part of the effort to force Plaintiff to quit.

43. Plaintiff properly and timely brought his claim of a violation of the

Americans with Disability Act ("ADA") to the EEOC, and the EEOC issued Plaintiff a right to sue letter.

44.   The failure of CUC to make a reasonable accommodation of Plaintiff's disability violated the ADA.

45.   Plaintiff has timely filed this Complaint asserting a violation of ADA, and the court has jurisdiction to hear this claim.

46.   Plaintiff has suffered damages in an amount subject to proof at trial for the violation of the ADA by CUC.

## VI.
## Prayer for Relief

WHEREFORE, Plaintiff prays for Judgment as follows:

1.   For general, consequential and compensatory damages, including for pain and suffering and emotional distress, in an amount to be proven at trial.

2.   For punitive damages for Allan Fletcher in an amount to be proven at trial;

3.   For costs and attorney fees; and

4.   For such other relief as the Court deems just and proper.

Zaji O. Zajradhara
Pro Se

Dated: April 27, 2015

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury trial in this matter.

_____
Zaji O. Zajradhara
*Pro Se*

Dated: April 27, 2015